TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 96-403 |
| of | : | |
| | : | November 21, 1996 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE MALCOLM HUNTER, CITY ATTORNEY, CITY OF RICHMOND, has requested an opinion on the following question:

Is a city required to pay for a chemical test ordered by a California Highway Patrol officer after the officer has arrested a person in the city for driving under the influence of alcohol or drugs, if the special reimbursement account established for payment of such tests has become exhausted?

CONCLUSION

A city is required to pay for a chemical test ordered by a California Highway Patrol officer after the officer has arrested a person in the city for driving under the influence of alcohol or drugs, if the special reimbursement account for payment of such tests has become exhausted.

ANALYSIS

This request for our opinion concerns arrests made by officers of the California Highway Patrol ("CHP") for driving under the influence of alcohol or drugs ("DUI") offenses which take place within a city's boundaries. In order to establish the elements of the particular offense, the officer will direct the driver to take a chemical test for alcohol content or the presence of drugs. (See Veh. Code, §§ 13353, 23155-23159.) The issue to be resolved is whether the CHP or the city must pay for the tests in such circumstances when the special reimbursement account established for payment of the tests is depleted. We conclude that the city must pay for the tests.

1.                                                                      96-403

Penal Code section 1463.14, subdivision (a)[1] provides:

"Notwithstanding the provisions of Section 1463, of the moneys deposited with the county treasurer pursuant to Section 1463, fifty dollars ($50) of each fine collected for each conviction of a violation of Section 23103, 23104, 23152, or 23153 of the Vehicle Code shall be deposited in a special account which shall be used exclusively to pay for the costs of performing for the county, or a city or special district within the county, analysis of blood, breath or urine for alcohol content or for the presence of drugs, or for services related to that testing. The sum shall not exceed the reasonable cost of providing the services for which the sum is intended.

"On November 1 of each year, the treasurer of each county shall determine those moneys in the special account which were not expended during the preceding fiscal year, and shall transfer those moneys into the general fund of the county. The county may retain an amount of that money equal to its administrative cost incurred pursuant to this section, and shall distribute the remainder pursuant to Section 1463. *If the account becomes exhausted, the public entity ordering a test performed pursuant to this subdivision shall bear the costs of the test.*" (Italics added.)[2]

Here we are given that the special reimbursement account created under subdivision (a) of section 1463.14 has become depleted in a county, a CHP officer has made a DUI arrest within a city's boundaries, and the officer has ordered the driver to take a chemical test. The statute requires "the public entity ordering a test" to "bear the costs of the test" when the special account is depleted.

In examining these terms of section 1463.14, we are guided by well established principles of statutory construction. "When interpreting a statute our primary task is to determine the Legislature's intent." (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) "Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent. [Citations.]" (*Dyna Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387.) "`The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible.'" (*Walnut Creek Manor* v. *Fair Employment & Housing Com.* (1991) 54 Cal.3d 245, 268.)

Applying these principles of construction, we find that section 1463.14 does not recognize the CHP as a public agency responsible for ordering chemical tests. Rather, the statute refers to "the county, or a city or a special district" as the public agencies for which the tests are

---

[1] All unidentified section references hereafter are to the Penal Code.

[2] Section 1463 provides for the distribution of "[a]ll fines and forfeitures imposed and collected for crimes . . . ." Vehicle Code sections 23103 and 23104 govern reckless driving, while Vehicle Code sections 23152 and 23153 govern DUI offenses.

performed.  We construe section 1463.14 in light of section 1463, which contains the following definitions applicable to section 1463.14:

> "(c) `City arrest' means an arrest by an employee of a city, or by a California Highway Patrol officer within the limits of a city."

> ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

> "(e) `County arrest' means an arrest by a California Highway Patrol officer outside the limits of a city, or an arrest by a county officer or by any other state officer."

In 75 Ops.Cal.Atty.Gen. 117 (1992) we examined the language of subdivision (a) of section 1463.14 prior to its recent amendment.  At that time the statute did not contain the language:  "If the account becomes exhausted, the public entity ordering a test performed pursuant to this subdivision shall bear the costs of the test."  We concluded:

> "It follows, therefore, that so long as funds are available in the special reimbursement account, no particular entity is required to bear the costs of the DUI chemical tests.  However, the special account may at times be inadequate in providing the required reimbursements.  In such situation, we believe the public agency ordering the chemical tests will be liable for their costs."  (*Id*., at p. 120; fn. omitted.)

The footnote respecting this conclusion stated:

> ". . . [A]s to arrests for DUI offenses by state highway patrol officers, we believe that arrests made within a city are to be attributed to that city and those made in unincorporated territory are to be attributed to the county.  (See § 1463, subs. (c) and (e).)"  (*Id*., at p. 121, fn. 2.)

We thus explained in our 1992 opinion that when a CHP officer is ordering a chemical test in a DUI case, the test is being performed for and on behalf of the local public entity, city or county, for purposes of sections 1463-1465.6.  The statutory scheme simply does not contemplate a CHP officer ordering a chemical test on behalf of the CHP.

When section 1463.14 was amended in 1995 (Stats. 1995, ch. 9, § 1; Stats. 1995, ch. 318, § 1), the Legislature codified our 1992 opinion with respect to which entity must pay for chemical tests when the special reimbursement account becomes depleted.  In so doing, the Legislature recognized that in DUI arrests made by CHP officers, the chemical tests are ordered for the city or county, not the CHP, for purposes of the statute.  For example, the report of the Assembly Committee on Public Safety for its hearing of April 18, 1995, stated with respect to the proposed amendment:

> ". . . The state does not pay for costs associated with California Highway Patrol drug and alcohol testing.  By statute, these costs must . . . be paid for by the County or cities, depending on the location of the arrest. . . ."

We conclude that a city is required to pay for a chemical test ordered by a CHP officer after the officer has arrested a person in the city for a DUI offense, if the special reimbursement account established for payment of such tests has become exhausted.

* * * * *